UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAY 1 0 2013

Clerk, U.S. District and
Bankruptcy Courts

| | | |
|---|---|---|
| Xavier Flores, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| The University of Wisconsin-Madison, | ) | 13-680 |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application

to proceed *in forma pauperis*.  The application will be granted and the case will be dismissed

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that

the complaint fails to state a claim upon which relief may be granted).

Plaintiff, a homeless individual who submitted more than 30 cryptic complaints within

the first two weeks of March alone, sues the University of Wisconsin-Madison, purportedly

under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*  He states: "I

introduce myself to the Farm and Industry short course department with interests of attending the

current course.  I spoke to the assistant director she said that I cannot."  Compl. at 1.  Plaintiff

seeks $100 million in damages.

A plaintiff's "allegations must be enough to raise a right to relief above the speculative

level . . . ."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see*

*Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We

have never accepted 'legal conclusions cast in the form of factual allegations' because a complaint needs some information about the circumstances giving rise to the claims.") (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). Plaintiff has stated no facts to support an ADA claim or any other cognizable claim. Regardless, an ADA claim is properly brought in the judicial district where the alleged unlawful practice occurred or where the relevant records are maintained and administered, which appears in this case to be a federal district court in Wisconsin. *See* 42 U.S.C. § 12117(a) (incorporating Title VII's enforcement procedures set forth at 42 U.S.C. § 2000e-5(f)(3). A separate Order of dismissal accompanies this Memorandum Opinion.

_____
United States District Judge

Date: May ___, 2013